# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ANDRIA PRESSLEY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:10-CV-208 |
| § | |
| SPRAYMAX, INC., § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

**I.  Introduction**

Pending before the Court is the Motion to Transfer Venue by Defendant Spraymax, Inc. ("Spraymax" or "Defendant"). (Dkt. No. 5.) The Court, having considered the venue motion and the arguments of counsel, DENIES the motion to transfer venue to the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). The balance of the private and public factors demonstrates that the transferee venue is not "clearly more convenient" than the venue chosen by Andria Pressley. *See In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc).

**II.  Factual and Procedural Background**

This case arises out of an automobile accident that occurred on February 12, 2010, between a vehicle driven by Plaintiff and a vehicle allegedly owned by Defendant and allegedly being driven by one of Defendant's employees. Specifically, Plaintiff alleges that Cole Adams, an employee of Spraymax, failed to properly stop at an intersection, resulting in a collision with Ms. Pressley's vehicle. The accident occurred at the intersection of Georgia and Duval Streets in

Troup, Smith County, Texas. The accident was reported to, and investigated by the Troup Police Department, also located in Troup, Smith County, Texas. Ms. Pressley alleges that she suffered severe and debilitating injuries as a result of the accident.

On June 24, 2010, Plaintiff filed this suit against Defendant in the Marshall Division of the Eastern District of Texas under 28 U.S.C. §1332(a)(1). The Tyler Division is 62 miles from the Marshall Division. It is undisputed that the events giving rise to this cause of action occurred in the Tyler Division. Witnesses to the accident, the police and accident investigators, and treating medical personnel—all of which are likely to be called as witnesses—all reside within the Tyler Division. (Dkt. No. 5 at ¶ 16.) None of the parties or witnesses reside in the Marshall Division. *Id.* at ¶ 17. On August 9, 2010, Defendant filed this motion to transfer venue to the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). Defendant argues that it is clearly more convenient to be in Tyler, Texas instead of Marshall, Texas. (Dkt. No. 5.) For the reasons stated below, this Court disagrees.

### III. Analysis

#### A. Applicable Law Regarding Motions to Transfer

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth Circuit has enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen II*, 545 F.3d 304. The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id.* at 314.

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If

the transferee district is a proper venue, then the Court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.*

## B. Proper Venue

The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagon I*, 371 F.3d at 203. Plaintiff do not dispute that the Tyler Division would have been a proper venue in which the claim could have originally been filed. "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought . . . in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(a)(2). Plaintiff filed this suit against Defendant for personal injuries resulting from an accident occurring in the Tyler Division. Hence, the Tyler Division is a proper venue because all of the events or omissions giving rise to this claim occurred in the Tyler Division.

### C. Private Interest Factors

#### 1. *Relative Ease of Access to Sources of Proof*

Despite the fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. Although the events and parties are in the Tyler Division, the Tyler and Marshall Divisions have roughly equal access to sources of proof. The Court finds that there will not be any significant inconvenience to the parties if they had to transport documents or other evidence to Marshall, Texas as compared to the Tyler Division. Therefore, this factor weighs against transfer.

#### 2. *Availability of Compulsory Process*

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. A court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316. All of the likely witnesses in this case are within the subpoena power of either court. Therefore, the Court concludes that this factor weighs against transfer.

#### 3. *Cost of Attendance for Willing Witnesses*

The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen*, 371 F.3d at 204-05. ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional

travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* Tyler is well less than 100 miles from Marshall. The Court finds that this factor weighs against transfer.

        4.     *Other Practical Problems*

Practical problems include issues of judicial economy, and the Court concludes this factor is neutral. The Court often considers the possibility of delay and prejudice if transfer is granted, but delay and prejudice associated with transfer is relevant "in rare and special circumstances" and only if "such circumstances are established by clear and convincing evidence." *ICHL, LLC v. NEC Corp. of America*, No. 5:08-cv-65, 2009 WL 1748573, at *12 (E.D. Tex. June 19, 2009) (quoting *In re Horseshoe*, 337 F.3d 429, 434 (5th Cir. 2003)). The parties have identified no "special circumstances," such as the possibility of delay or prejudice. Thus, this factor is neutral.

    **D.**    **Public Interest Factors**

        1.     *Court Congestion*

The Court may consider how quickly a case will come to trial and be resolved. *See Ray Mart, Inc. v. Stock Building Supply of Tex., LP*, 435 F. Supp. 2d 578, 595 (E.D. Tex. 2006). This factor is the most speculative, however, and in situations where several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors. *See id.*; *see also In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (applying Fifth Circuit law). Neither the plaintiff nor the defendants address this factor in detail. The Court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the Court finds this factor is neutral as to transfer.

2.   *Local Interest*

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen,* 545 F.3d at 318.  In such a case, courts may look to where the incident occurred, where the witnesses live, where the evidence is located, and where the parties live. *Id.*  As discussed earlier, the facts giving rise to this lawsuit occurred in the Tyler Division.  Plaintiff lives in the Tyler Division and the accident occurred in the Tyler Division.  Most witnesses probably live in the Tyler Division.  Very little evidence related to the lawsuit is now located in the Marshall Division.

Given these facts, the Court finds that the Tyler Division has more local interest in this case than the Marshall Division.  However, in light of the greater deference available to the Court when considering intra-district transfers, the Court concludes that this factor weighs only slightly in favor of a transfer.

3.   *Familiarity with the Governing Law*

One of the public interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203.  Both the Tyler Division and Marshall Division are equally capable of applying the relevant law in this case.   Thus, this factor is neutral.

4.   *Avoidance of Conflict of Laws*

The Court finds that this factor is inapplicable in this transfer analysis.

## III.   Conclusion

The Court has balanced all of the relevant factors. The Court finds that the proposed transferee forum is not clearly more convenient than the plaintiff's forum choice.   Therefore, the Court DENIES Defendant's motion to transfer.

It is so ORDERED.

SIGNED this 14th day of March, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE